UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 2 8 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § |
| | § |
| 1.  KHADER FAHED TANOUS, | § |
|     a.k.a. "George" | § |
| 2.  SALEM FAHED TANNOUS | § |
| 3.  ZIAD MAHMOUD ALSALAMEH, | § |
|     a.k.a. "Ziad Albataineh," "Ziad Alsala," | § |
|     "Zack," "Zee," and "Eddie Garsia" | § |
| 4.  MUHAMMAD SHARIQ SIDDIQI, | § |
|     a.k.a. "Mohammed Siddiqui," "Mo," | § |
|     "Sammy," and "Shariq" | § |
| 5.  AYISHA KHURRAM, | § |
|     a.k.a. "Ayesha Khurram" | § |
| 6.  SAYED ALI, | § |
|     a.k.a. "Syed Ali," and "Ali Sayed" | § |
| 7.  OMAR MAHER ALNASSER, | § |
|     a.k.a. "Omar Al Nasser" | § |
| 8.  ALI TAFESH, | § |
|     a.k.a. "Ali Westfield" | § |
| 9.  HAZIM HISHAM QADUS | § |
| 10. AQIL KHADER, | § |
|     a.k.a. "Alan" | § |
| 11. KHALIL MUNIER KHALIL, a.k.a. | § |
|     a.k.a. "Joe Kelly," "Khalil Munier," and | § |
|     "Khalil Manier Khalil" | § |
| 12. NAGY MAHMOUD ALI, | § |
|     a.k.a. "Nagy Mahmod Ali," and "Nagy Aly" | § |
| 13. MOHAMMED RAFAT TAHA, | § |
|     a.k.a. "Rafat Taha" | § |
| 14. STEVE SHAFIQ AMIRA, | § |
|     a.k.a. "Mustafa Nafez," and "Nafez Mustafa" | § |
| 15. ABDALNOUR IZZ, | § |
|     a.k.a. "Nour," and "Roy" | § |
| 16. FRANK MURATALLA, | § |
|     a.k.a. "Frankie" | § |

CR. NO.

FILED UNDER SEAL

16 CR 0170

**INDICTMENT**

1

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE

### Conspiracy to Possess with the Intent to Distribute a Controlled Substance

From on or about December 2013, through the date of this Indictment, in the Southern District of Texas, and elsewhere,

> **KHADER FAHED TANOUS,**
> a.k.a. "George",
> **SALEM FAHED TANNOUS,**
> **ZIAD MAHMOUD ALSALAMEH,**
> a.k.a.  "Ziad Albataineh," "Ziad Alsala,"
> "Zack," "Zee," and "Eddie Garsia",
> **MUHAMMAD SHARIQ SIDDIQI,**
> a.k.a. "Mohammed Siddiqui,"
> "Mo," "Sammy," and "Shariq",
> **AYISHA KHURRAM,**
> a.k.a. "Ayesha Khurram",
> **SAYED ALI,**
> a.k.a. "Syed Ali," and
> "Ali Sayed",
> **ALI TAFESH,**
> a.k.a. "Ali Westfield",
> **HAZIM HISHAM QADUS,**
> **AQIL KHADER,**
> a.k.a. "Alan",
> **KHALIL MUNIER KHALIL,**
> a.k.a.  "Joe Kelly," "Khalil Munier," and
> "Khalil Manier Khalil",
> **NAGY MAHMOUD ALI,**
> a.k.a. "Nagy Mahmod Ali," and "Nagy Aly",
> **MOHAMMED RAFAT TAHA,**
> a.k.a. "Rafat Taha",
> **STEVE SHAFIQ AMIRA,**
> a.k.a. "Mustafa Nafez," and "Nafez Mustafa"
> **ABDALNOUR IZZ,**
> a.k.a. "Nour," and "Roy",
> and
> **FRANK MURATALLA,**
> a.k.a. "Frankie",

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with one another, and others known and unknown to the Grand Jury, to possess with the intent to distribute a mixture or substance containing a detectable amount of N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide (**AB-FUBINACA**); 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl) indole (**XLR11**); N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide (**AB-CHMINACA**); Quinolin-8-yl 1-pentyl-1H-indole-3-carboxylate (**PB-22**); and Quinolin-8-yl 1-(5-fluoropentyl)-1H-indole-3-carboxylate (**5F-PB-22**), all Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 846, and 841(a)(1) and 841(b)(1)(C).

## COUNT TWO

## Aiding and Abetting the Smuggling of Goods Into the United States – Fraudulent Invoice

On or about August 2014, through the date of this Indictment, in the Southern District of Texas, and elsewhere,

**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui,"**
**"Mo," "Sammy," and "Shariq",**
**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**

defendants herein, each aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and willfully, with the intent to defraud the United States, smuggle or clandestinely introduce or attempt to smuggle or clandestinely introduce into the United States merchandise described as:

"Cosmetics", by way of a false and fraudulent invoice or other document, when in fact the

3

merchandise was

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**); "Clean Powder" by way of false and fraudulent invoice or other document,

when in fact the merchandise was

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**); and "Aluminum Hydroxide" by way of false and fraudulent invoice or other

document, when in fact the merchandise was

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**).

In violation of Title 18, United States Code, Sections 545 and 2.

## COUNT THREE

## Aiding and Abetting the Smuggling of Goods Into the United States – Fraudulent Invoice

On or about September 17, 2014, in the Southern District of Texas,

**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**

defendant herein, aided, abetted, and assisted by others known and unknown to the Grand Jury,

did knowingly and willfully, with the intent to defraud the United States, smuggle or

clandestinely introduce or attempt to smuggle or clandestinely introduce into the United States

merchandise described as: "Octadecanamide" by way of a false and fraudulent invoice or other

document, when in fact the merchandise was

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**).

4

In violation of Title 18, United States Code, Sections 545 and 2.

## COUNT FOUR

### Smuggling Goods Into the United States – Fraudulent Invoice

On or about September 17, 2014, in the Southern District of Texas,

**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui,"**
**"Mo," "Sammy," and "Shariq"**

defendant herein, aided, abetted, and assisted by others known and unknown to the Grand Jury, did

knowingly and willfully, with the intent to defraud the United States, smuggle or clandestinely

introduce or attempt to smuggle or clandestinely introduce into the United States merchandise

described as: "Cosmetics" by way of a false and fraudulent invoice or other document, when in

fact the merchandise was

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**); and

"L-Malic Acid" by way of a false and fraudulent, when in fact the merchandise was

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**).

In violation of Title 18, United States Code, Sections 545 and 2.

## COUNT FIVE

### Conspiracy To Commit Money Laundering

Beginning on or about June 2012, in the Southern District of Texas,

**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui,"**
**"Mo," "Sammy," and "Shariq"**
**and**
**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with one another, and others known and unknown to the Grand Jury, to transport, transmit, transfer and attempt to transport, transmit, or transfer funds and monetary instruments from a place in the United States to a place outside the United states, with the intent to promote the carrying on of a specified unlawful activity, namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical punishable under any law of the United States.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A), all in violation of Title 18, United States Code, Section 1956(h).

## COUNT SIX

### Conspiracy To Commit Money Laundering

Beginning on or about July 2014, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**OMAR MAHER ALNASSER,**
**a.k.a. "Omar Al Nasser",**
**ZIAD MAHMOUD ALSALAMEH,**
**a.k.a. "Ziad Albataineh," "Ziad Alsala,"**

**"Zack," "Zee," and "Eddie Garsia",**
**and**
**HAZIM HISHAM QADUS,**

defendants herein, did knowingly and intentionally combine, conspire, confederate,  and agree

with others known and unknown to the Grand Jury, to commit offenses against the United States in

violation of Title 18, United States Code, Section 1956, to-wit:

a)      to transport, transmit, and transfer, and attempt to transport, transmit, and transfer

monetary instruments and funds involving the proceeds of specified unlawful

activity, to-wit: unlawful operation of an unlicensed money transmitting business

and the distribution of controlled substances, from a place in the United States to or

through a place outside the United States, knowing that the monetary instruments

and funds involved in the transportation, transmission, and transfer represented the

proceeds of some form of unlawful activity, to-wit:  unlawful operation of an

unlicensed money transmitting business and the distribution of controlled

substances, and knowing that such transportation, transmission, and transfer was

designed in whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of specified unlawful activity, in violation

of Title 18, United States Code, Section 1956(a)(2)(B)(i);

and,

b)      to conduct and attempt to conduct financial transactions which in fact involve the

proceeds of specified unlawful activity, to-wit: unlawful operation of unlicensed

money transmitting business and the distribution of controlled substances, knowing

that the property involved in the transactions represents the proceeds of some form

of the activity, to-wit: unlawful operation of an unlicensed money transmitting

business and the distribution of controlled substances, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## COUNT SEVEN

## AIDING AND ABETTING UNLICENSED MONEY TRANSMITTING BUSINESS

Beginning on or about July 2014, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**OMAR MAHER ALNASSER,**
**a.k.a. "Omar Al Nasser",**

defendant herein, aided, abetted, and assisted by others known and unknown to the Grand Jury, did knowingly conduct, control, direct, and own and attempt to conduct, control, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1), which affected interstate or foreign commerce and that the business was operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or felony under State law, and the defendant failed to comply with the money transmitting business registration   requirements under Section 5330 of Title 31, United States Code, or regulations prescribed under such section.

In violation of Title 18, United States Code, Sections 1960 and 2.

8

# COUNT EIGHT

## Aiding and Abetting Possession with the Intent to Distribute a Controlled Substance

On or about June 4, 2015, in the Southern District of Texas, and elsewhere,

**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui,"**
**"Mo," "Sammy," and "Shariq"**
**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**
**and**
**Sayed Ali,**

defendants herein, did aid, abet, and assist one another and others known and unknown to the Grand Jury to knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide (**AB-CHMINACA**), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18, United States Code, Section 2.

# COUNT NINE

## Aiding and Abetting Possession with the Intent to Distribute a Controlled Substance

On or about August 21, 2015, in the Southern District of Texas, and elsewhere,

**KHALIL MUNIER KHALIL,**
**a.k.a. "Joe Kelly," "Khalil Munier,"**
**and "Khalil Manier Khalil",**
**NAGY MAHMOUD ALI,**
**a.k.a. "Nagy Mahmod Ali,"**
**and "Nagy Aly", and**
**MOHAMMED RAFAT TAHA,**

9

**a.k.a. "Rafat Taha"**

defendants herein, did aid, abet and assist one another and others known and unknown to the

Grand Jury, to knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectable amount of

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**); and

1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole (**XLR11**), both

Schedule I controlled substances.

    In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18,

United States Code, Section 2.

## COUNT TEN

## Aiding and Abetting Possession with the Intent to Distribute a Controlled Substance

    On or about January 13, 2015, in the Southern District of Texas, and elsewhere,

**KHALIL MUNIER KHALIL,**
         **a.k.a. "Joe Kelly," "Khalil Munier," and**
         **"Khalil Manier Khalil",**
**NAGY MAHMOUD ALI,**
         **a.k.a. "Nagy Mahmod Ali,"**
         **and "Nagy Aly",**
                 **and**
**MOHAMMED RAFAT TAHA,**
         **a.k.a. "Rafat Taha"**

defendants herein, did aid, abet and assist one another and others known and unknown to the

Grand Jury, to knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectible amount of Quinolin-8-yl 1-pentyl-1H-indole-3-carboxylate (**PB-22**);

Quinolin-8-yl 1-(5-fluoropentyl)-1H-indole-3-carboxylate (**5F-PB-22**); and

10

1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole (**XLR11**), all Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

### Aiding and Abetting Possession with the Intent to Distribute a Controlled Substance

On or about March 18, 2015, in the Southern District of Texas, and elsewhere,

**HAZIM HISHAM QADUS,**

defendant herein, aided, abetted and assisted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**); and

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide

(**AB-FUBINACA**), both Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWELVE

### Aiding and Abetting Possession with the Intent to Distribute a Controlled Substance

On or about October 15, 2015, in the Southern District of Texas, and elsewhere,

**KHADER FAHED TANOUS,**

11

**a.k.a. "George",**
**and**
**FRANK MURATALLA,**
**a.k.a. "Frankie"**

defendants herein, each aiding, abetting and assisting one another and others known and unknown

to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or

substance containing a detectable amount of

1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole (**XLR11**);

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide

(**AB-CHMINACA**); and

N-(1-Amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide

(**AB-FUBINACA**), all Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C) and Title 18,

United States Code, Section 2.

## COUNT THIRTEEN

## CONSPIRACY TO COMMIT MAIL FRAUD

### The Food, Drug, and Cosmetic Act

The United States Food and Drug Administration ("FDA") is the agency of the United

States responsible for, among other things, enforcing the provisions of the Federal Food, Drug,

and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq.   In enforcing the provisions of the

FDCA, the FDA's primary purpose is to protect the public health.   The FDA's responsibilities

include regulating the manufacturing, labeling, and distribution of drugs shipped or received in

interstate commerce.   The FDA's responsibilities include preventing drugs that are unapproved

12

for marketing or sale, or which are improperly packaged and labeled, from reaching the marketplace.

1.      The FDCA defines a "drug" as—

   a.      articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals;

   b.      articles (other than food) intended to affect the structure of any function of the body of man or other animals; and

   c.      articles intended for use as a component of any articles specified above. See 21 U.S.C. § 321(g)(1)(B)–(D).

The FDCA defines the term "label" to include "a display of written, printed, or graphic matter upon the immediate container of any article."  See 21 U.S.C. § 321(k).  The FDCA defines the term "labeling" as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrapper, or (2) accompanying such article."  See 21 U.S.C. § 321(m).

2.      Under the FDCA, a drug is deemed to be misbranded:

   a.      if its labeling is false or misleading in any particular, including material omissions.  See 21 U.S.C. §§ 352(a), 321(n).

   b.      unless, in package form, it bears a label containing:  (1) the name and place of business of the manufacturer, packer, or distributor, and (2) an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count.  See 21 U.S.C. § 352(b).

   c.      unless its label bears the established name of each active ingredient.  See 21 U.S.C. § 352(e)(1)(A)(ii).

   d.      if its labeling does not bear adequate directions for use.  See 21 U.S.C. § 352(f)(1).  Unless subject to an exemption not applicable here, a drug must bear adequate directions for use under which a layperson can use the drug safely for the purposes for which it is intended.  See 21 C.F.R. § 201.5.

3.     The defendants and others manufactured and distributed controlled substances (synthetic cannabinoids) that were misbranded drugs.

4.     From on or about December 2013 and continuing through at least in or about August 2015, the conspirators devised and intended to devise a scheme to defraud the Food and Drug Administration and the public by marketing their products as though they were benign, when in truth and in fact, their products contained dangerous drugs that, when smoked and otherwise ingested, could cause the end user harm, including overdoses necessitating hospitalizations and other medical interventions.

5.     To defraud the Food and Drug Administration and the public, the conspirators falsely labeled their products to make it appear the products were not drugs.   For example, the conspirators falsely labeled their products as:

> aroma therapy product;
> herbal simmering potpourri;
> herbal potpourri;
> potpourri;
> incense only;
> botanical incense; and

and the labels also falsely claimed the products to be:

> legal in 50 states;
> 100% legal;
> lab certified;
> lab tested and is DEA compliant; and
> not for human consumption.

6.     To execute their scheme to defraud, the conspirators had delivered from overseas the chemicals used in manufacturing their products, or delivered these chemicals throughout the United States, using the United States mail and commercial interstate carriers.

14

7.     From at least in or about December 2013, and continuing through at least in or about August 2015, in the Southern District of Texas and elsewhere, the defendants,

**KHADER FAHED TANOUS,**
          **a.k.a. "George",**
**ZIAD MAHMOUD ALSALAMEH,**
          **a.k.a. "Ziad Albataineh," "Ziad Alsala,"**
          **"Zack," "Zee," and "Eddie Garsia",**
**MUHAMMAD SHARIQ SIDDIQI,**
          **a.k.a. "Mohammed Siddiqui," "Mo,"**
          **"Sammy," and "Shariq",**
**AYISHA KHURRAM,**
          **a.k.a. "Ayesha Khurram",**
**ALI TAFESH,**
          **a.k.a. "Ali Westfield",**
**HAZIM HISHAM QADUS,**
**AQIL KHADER,**
          **a.k.a. "Alan",**
**KHALIL MUNIER KHALIL,**
          **a.k.a. "Joe Kelly," "Khalil Munier,"**
          **and"Khalil Manier Khalil",**
**NAGY MAHMOUD ALI,**
          **a.k.a. "Nagy Mahmod Ali," and "Nagy Aly",**
**MOHAMMED RAFAT TAHA,**
          **a.k.a. "Rafat Taha",**
                    **and**
**STEVE SHAFIQ AMIRA,**
          **a.k.a. "Mustafa Nafez," and "Nafez Mustafa",**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with one another, and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, by devising and intending to devise a scheme to defraud the Food and Drug Administration and the public, which scheme included falsely labeling the products manufactured and sold by the conspirators as "aroma therapy product", "herbal simmering potpourri", "herbal potpourri", "potpourri", "incense only", "botanical

incense", "legal in 50 states", "lab certified", "100% legal", "lab tested and is DEA compliant" and "not for human consumption", when in truth and fact these products contained synthetic cannabinoids that were intended for human consumption as drugs, and executing this scheme by having delivered from overseas the chemicals used in manufacturing their products, and having these chemicals delivered throughout the United States and abroad, using the United States mail and commercial interstate carriers.

In violation of Title 18, United States Code, Sections 1349 and 1341.

## NOTICE OF CRIMINAL FORFEITURE
### Title 21, United States Code, Section 853

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendants,

> **KHADER FAHED TANOUS,**
> a.k.a. "George",
> **SALEM FAHED TANNOUS,**
> **ZIAD MAHMOUD ALSALAMEH,**
> a.k.a.  "Ziad Albataineh," "Ziad Alsala,"
> "Zack," "Zee," and "Eddie Garsia",
> **MUHAMMAD SHARIQ SIDDIQI,**
> a.k.a. "Mohammed Siddiqui," "Mo,"
> "Sammy," and "Shariq",
> **AYISHA KHURRAM,**
> a.k.a. "Ayesha Khurram",
> **SAYED ALI,**
> a.k.a. "Syed Ali," and
> "Ali Sayed",
> **ALI TAFESH,**
> a.k.a. "Ali Westfield",
> **HAZIM HISHAM QADUS,**
> **AQIL KHADER,**
> a.k.a. "Alan",
> **KHALIL MUNIER KHALIL,**
> a.k.a.  "Joe Kelly," "Khalil Munier," and
> "Khalil Manier Khalil",
> **NAGY MAHMOUD ALI,**

16

**a.k.a. "Nagy Mahmod Ali," and "Nagy Aly",**
**MOHAMMED RAFAT TAHA,**
**a.k.a. "Rafat Taha",**

**STEVE SHAFIQ AMIRA,**
**a.k.a. "Mustafa Nafez," and "Nafez Mustafa"**
**ABDALNOUR IZZ,**
**a.k.a. "Nour," and "Roy",**
**and**
**FRANK MURATALLA,**
**a.k.a. "Frankie",**

that upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or

846, the following is subject to forfeiture:

    (1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

    (2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

## <u>NOTICE OF FORFEITURE</u>
### 18 U.S.C. § 982(a)(2)(B)

    Pursuant to Title 18, United States Code, Section 982(a)(2)(B), the United States gives

notice to the defendants,

**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui," "Mo,"**
**"Sammy," and "Shariq",**
**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**

that upon conviction of an offense in violation of Title 18, United States Code, Section 545, all

property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such

violation is subject to forfeiture.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 545

Pursuant to Title 18, United States Code, Section 545, the United States gives notice to the defendants,

**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui," "Mo,"**
**"Sammy," and "Shariq",**
**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**

that all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545 is subject to forfeiture.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendants,

**OMAR MAHER ALNASSER,**
**a.k.a. "Omar Al Nasser,"**
**ZIAD MAHMOUD ALSALAMEH,**
**a.k.a. "Ziad Albataineh," "Ziad Alsala,"**
**"Zack," "Zee," and "Eddie Garsia",**
**MUHAMMAD SHARIQ SIDDIQI,**
**a.k.a. "Mohammed Siddiqui," "Mo,"**
**"Sammy," and "Shariq",**
**AYISHA KHURRAM,**
**a.k.a. "Ayesha Khurram",**
**and**
**HAZIM HISHAM QADUS,**

that upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 or 1960, all property, real or personal, involved in such offense or traceable to such property, is subject to forfeiture.

18

# NOTICE OF FORFEITURE
## 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), the United States gives notice to the defendants,

> **KHADER FAHED TANOUS,**
>> a.k.a. "George",
>
> **SALEM FAHED TANNOUS,**
> **ZIAD MAHMOUD ALSALAMEH,**
>> a.k.a. "Ziad Albataineh," "Ziad Alsala,"
>> "Zack," "Zee," and "Eddie Garsia",
>
> **MUHAMMAD SHARIQ SIDDIQI,**
>> a.k.a. "Mohammed Siddiqui," "Mo,"
>> "Sammy," and "Shariq",
>
> **AYISHA KHURRAM,**
>> a.k.a. "Ayesha Khurram",
>
> **SAYED ALI,**
>> a.k.a. "Syed Ali," and
>> "Ali Sayed",
>
> **ALI TAFESH,**
>> a.k.a. "Ali Westfield",
>
> **HAZIM HISHAM QADUS,**
> **AQIL KHADER,**
>> a.k.a. "Alan",
>
> **KHALIL MUNIER KHALIL,**
>> a.k.a. "Joe Kelly," "Khalil Munier," and
>> "Khalil Manier Khalil",
>
> **NAGY MAHMOUD ALI,**
>> a.k.a. "Nagy Mahmod Ali," and "Nagy Aly",
>
> **MOHAMMED RAFAT TAHA,**
>> a.k.a. "Rafat Taha",
>
> **STEVE SHAFIQ AMIRA,**
>> a.k.a. "Mustafa Nafez," and "Nafez Mustafa"
>
> **ABDALNOUR IZZ,**
>> a.k.a. "Nour," and "Roy",

that upon conviction of an offense in violation of Title 18, United States Code, Sections 1341

and/or 1349, all property, real or personal, which constitutes or is derived from proceeds traceable

to such offense, is subject to forfeiture.

19

## **Property Subject to Forfeiture**

The property subject to forfeiture includes, but is not limited to, the following property:

(1)    The real property, including all improvements and appurtenances, located at 1903

Rosewood Lane, Sugar Land, Texas 77479 and legally described as:

Lot Twenty-Six (26) in Block Two (2) of THE LAKES, SECTION
ONE (1) an addition in Fort Bend County, Texas, according to the
map or plat thereof recorded in Slide Nos. 1445A and 1445/B of the
Plat Records of Fort Bend County, Texas.

(2)    The real property, including all improvements and appurtenances, located at 5434

Eagle Trace Court, Sugar Land, Texas 77479 and legally described as:

Lot Thirty-Seven (37), in Block One (1), of AVALON VILLAGES
OF AVALON, SECTION FIVE (5), an addition in Fort Bend
County, Texas, according to the map or plat thereof recorded in
Slide No. 1900/B and 1901/A of the Map/Plat Records of Fort Bend
County, Texas.

(3)    The real property, including all improvements and appurtenances, located at 2132

Country Club Drive, Pearland, Texas 77581 and legally described as:

Lot Four (4), in Block One (1), of GREEN TEE TERRACE
SECTION FOUR (4), an addition in Harris County, Texas
according to the map or plat thereof recorded in Volume 340 Page
110 of the Map Records of Harris County, Texas.

(4)    The real property, including all improvements and appurtenances, located at 235

Live Oak Lane, Onalaska, Texas 77360 and legally described as:

Lot One Hundred Fifty-Nine (159), Section One (1) of CANYON
PARK, a subdivision in Polk County, Texas, as shown by the map
or plat thereof recorded in Volume 5, Page 33 and Volume 7, Page 2
of the Plat Records of Polk County, Texas, to which plat and its
recorded reference is hereby made for all purposes.

(5)    The real property, including all improvements and appurtenances, located at 9278

20

Eastex Freeway, Houston, Texas 77093 and legally described as:

Being a 0.333 acre tract in the J. T. HARRELL SURVEY, Abstract No. 329, Harris County, Texas and being a part of Lots Twenty (20), Twenty-One (21) and Twenty-Two (22), in Block One (1) of DRYDEN PLACE, according to the map or plat thereof recorded in Volume 14, Page 15, of the Map Records of Harris County, Texas and being more particularly described by metes and bounds on Exhibit "A" to a General Warranty Deed dated September 30, 2013 and recorded in the Official Public Records of Harris County, Texas on October 1, 2013 under file number 20130502956.

(6)   The real property, including all improvements and appurtenances, located at 10900

Beechnut Street, Houston, Texas 77072 and legally described as:

Being 0.5877 acre (25,600 square feet) of land in the Henry Cobb Survey, A-210, Harris County, Texas, being a part of Reserve "E" of Westhampton Village, Recorded in Volume 204, Page 1 of the Map Records of Harris County, Texas, and more particularly described by metes and bounds described on Exhibit "A" to a Special Warranty Deed dated May 27, 2014 and recorded in the Official Public Records of Harris County, Texas on May 27, 2014 under file number 20140223348.

(7)   $58,208.00 in United States currency.

(8)   $279,876.00 in United States currency.

(9)   2013 Mercedes Benz ML350 (VIN ending – 7906).

(10)   2013 Toyota Avalon (VIN ending – 6110).

(11)   2013 Toyota Camry (VIN ending – 5271).

(12)   2012 Mercedes CLS 550 (VIN ending – 7775).

(13)   $162,273.27 in United States currency originating from Chase Bank

Cashier's Check No. 9083310838.

(14)   $55,000.00 in United States currency originating from Trustmark

Bank Cashier's Check No. 200372165.

21

(15)  $80,000.00 in United States currency originating from Trustmark

Bank Cashier's Check No. 200372166.

(16)  $242,300.46 in United States currency originating from Wells Fargo

Bank Cashier's Check No. 6848001169.

## **Money Judgment**

Defendants are notified that upon conviction, a money judgment may be imposed equal

to the total value of the property subject to forfeiture for which the defendants may be jointly and

severally liable, and which is at least $35,000,000.

## **Substitute Assets**

Defendants are notified that in the event that property subject to forfeiture, as a result of

any act or omission of a defendant:

a.   cannot be located upon exercise of due diligence;
b.   has been placed beyond the jurisdiction of the Court;
c.   has been transferred or sold to, or deposited with, a third party;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be divided without difficulty;

the United States will seek to forfeit any other property of the defendants up to the value of such property pursuant to Title 21, United States Code, Section 853(p), which has been incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL**

Original Signature on File

**FOREPERSON OF THE GRAND JURY**

**KENNETH MAGIDSON**
**UNITED STATES ATTORNEY**
**SOUTHERN DISTRICT OF TEXAS**

By:

JOHN D. JOCHER
Assistant United States Attorney
Southern District of Texas