UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-170-7 |
| | § | |
| | § | |
| OMAR MAHER ALNASSER *in custody* | § | |

## Order

Pending before this court is defendant's motion to revoke detention order and set conditions of release (Dkt. 155), supplement to defendant's motion to revoke detention order (Dkt. 156) filed by Omar Maher Alnasser ("Defendant"), the Government's response opposing defendant's motion to revoke detention order and conditions of release (Dkt. 174), defendant's reply (Dkt. 178), defendant's amended reply (Dkt. 179) and the Government's response to defendant's amended reply (Dkt. 184). After carefully reviewing the arguments of counsel, the exhibits, the applicable law, the findings of Judge Stacy and a thorough review of the transcript of the arraignment and detention hearing (Dkt. 164, Exhibit 2), the court finds that the motion should be denied.

When considering a motion to revoke a detention order, 18 USC §3142 (g) enumerates the factors which shall be considered by this court in determining whether conditions could be set to reasonably assure a defendant's appearance as required. Specifically, §3142 (g) directs this court consider "(1) the nature and circumstances of the offense charged…; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, community ties, employment, financial resources, length of residence in the community, community ties, past conduct…..criminal history, and record of concerning

appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

This court has conducted its own independent *de novo* review of the facts as adduced at the detention hearing held on May 24, 2016, and the pleadings of the parties and the exhibits attached thereto, and finds that defendant's motion offers nothing new that has not already been heard or was not known by the defendant at the time of the original detention hearing, other than defendant's Exhibit M, an email from the Dean of the School of Business Administration at the University of Houston - Victoria, which the court has considered, but which does not affect the court's decision on the motion to revoke detention order.

Furthermore, this court finds that the credible testimony adduced at the May 24, 2016 hearing and the additional information submitted by the parties through their proffered exhibits, which were either introduced below or are cumulative in effect, are sufficient for this court to render its decision without a second hearing. Therefore, the court finds that a second detention hearing is unnecessary and the defendant's request for a second hearing is DENIED.

This court further finds that U. S. Magistrate Judge Frances H. Stacy's findings of fact, as amended below, and her decision that the defendant failed to rebut the statutory presumptions of flight and her decision to detain the defendant pending trial is well supported by the record of the matter below and the submissions filed by the parties with this court.

Judge Stacy's findings, with the following amendments are adopted by this court and incorporated herein by reference:

(1) The money was wire transferred to the Cairo Bank in Jordan and into the account of Alnasser's brother (Dkt. 122, page 3, Written Statement of Reasons for Detention) and

(2) Defendant Alnasser was married in 2014 in Jordan to his wife, a natural born United States citizen, who also enjoys dual citizenship as a Jordanian. (Dkt. 122, page 4, Written Statement of Reasons for Detention).

This court finds the first amended finding of fact has no material bearing on the issue as the money was, in fact, wired to a foreign country. The court further finds the second amended finding of fact serves to increase the defendant's risk of flight as the defendant's wife - his only familial ties within this country enjoys dual citizenship and close ties to Jordan as he does.

This court further finds that the evidence is sufficient by a preponderance of the evidence to establish that the Defendant poses a serious risk of flight and there are no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required under the Bail Reform Act, 18 U. S. C. §3142(f). Defendant's Motion to Revoke Detention Order (Dkt. 155, 156) is DENIED. The defendant is hereby committed to the custody of the Attorney General and his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of the attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas on July 21, 2016.

_____
Gray H. Miller
United States District Judge